**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Ray Kapp, | No. CV-21-01470-PHX-SRB(ESW) |
| Defendant/Movant, | CR-11-00739-PHX-SRB |
| v. | **ORDER** |
| United States of America, | |
| Plaintiff/Respondent. | |

Defendant/Movant, Michael Ray Kapp ("Defendant") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") on August 24, 2021. He raised claims that his prior state drug convictions no longer qualify as predicate offenses for career offender designation and that his counsel was ineffective by failing to research which predicate offenses fell within the definition of controlled substance offenses under the sentencing guidelines. The Government filed a Response arguing that the Defendant's motion was untimely and barred by the statute of limitations, 28 U.S.C. § 2255(f). No Reply was timely filed.

The Magistrate Judge filed her Report and Recommendation on December 15, 2021 recommending that Defendant's §2255 Motion be dismissed with prejudice because it was filed after the expiration of the one-year statute of limitation. After Defendant received the Report and Recommendation, he filed a Motion for Extension of Time to file his Reply stating that he never received a copy of the Government's Response. The Court granted his

Motion and, in an Order filed on December 29, 2021, allowed Defendant 21 days to file a combined Reply to the Government's Response and Objections to the Magistrate Judge's Report and Recommendation. Defendant filed his Reply and Objections on January 18, 2022. The Government has responded to the Objections.

In her Report and Recommendation, the Magistrate Judge found that for purposes of the running of the one-year statute of limitations, Defendant's conviction became final on April 21, 2014. Under 28 U.S.C. §2255(f)(1), the deadline for Defendant to file his § 2255 Motion was April 21, 2015. Defendant conceded that his motion was filed more than a year after his conviction became final but asserted the applicability of § 2255(f)(3) in stating "[n]ew laws and cases recognized by the Supreme Court and Ninth Circuit have enabled Movant to file this 28 U.S.C. § 2255 motion." (Doc. 1, §2255 Motion at 9.) The Magistrate Judge concluded, and the Court agrees, that Defendant only included citations and argument to Ninth Circuit cases and cited no new Supreme Court authority recognizing a new right under § 2255(f)(3). The Magistrate Judge and the Court find that § 2255(f)(3) does not apply and that § 2255(f)(1) is the applicable one-year statute of limitations.

Although Defendant made no claim for equitable tolling in his § 2255 Motion, the Magistrate Judge included in her Report and Recommendation the standards for entitlement to equitable tolling and found it unavailable to Defendant because the record before her did not show any indication that extraordinary circumstances beyond his control made it impossible for Defendant to timely file his § 2255 Motion. The Magistrate Judge also discussed the actual innocence exception, finding it both not asserted by Defendant and not available to Defendant to excuse the untimeliness of the § 2255 Motion. The Magistrate Judge recommended dismissal with prejudice.

In Defendant's combined Reply and Objections, he makes no further claim for the applicability of § 2255(f)(3) but now claims that the one-year statute of limitations should be equitably tolled because he "has diligently been working to appeal his sentence and/or conviction." (Doc. 8, Def.'s Reply to Gov't Resp. ("Reply") at 2.) Defendant states that in 2019 he asked the Court to appoint counsel in relation to new cases and laws and before

that asked his attorney to file an appeal and sent countless emails and letters and made phone calls to various lawyers asking for help but that legal representatives have been standing in his way. (*Id.*)

Reference to actions taken in 2019, four years after the expiration of the statute of limitations and non-specific references to countless letters, emails and phone calls are insufficient to establish a claim for equitable tolling. As explained by the Magistrate Judge and cited by the Government in its Response to the Objections, Defendant must show both diligent pursuit of his rights and that some extraordinary circumstance stood in his way to prevent timely filing. Defendant has demonstrated neither.

Defendant also argues for the first time in his objections that § 2255(f)(4) is applicable claiming there were facts supporting his claim that could not be discovered through the exercise of due diligence. The undiscoverable "fact" was a 2021 opinion, *United States v. Bautista*, 989 F.3d 698 (9th Cir. 2021) that discussed the applicability of the career offender enhancement under the Guidelines. Defendant's arguments here and in his § 2255 Motion about the applicability of *Bautista* do not bring his filing within the § 2255(f)(3) exception to the one-year statute of limitations nor within § 2255(f)(4). New case law is not a "fact" that could not have previously been discovered through the exercise of due diligence.

Defendant's § 2255 Motion is subject to the § 2255(f)(1) one-year statute of limitations which commenced on April 22, 2014 and expired on April 21, 2015. No grounds for equitable tolling have been shown. Defendant's objections are overruled and his § 2255 Motion will be dismissed with prejudice.

**IT IS ORDERED** overruling Defendant's Objections to the Report and Recommendation of the Magistrate Judge (Doc. 9).

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court (Doc. 5).

**IT IS FURTHER ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is dismissed with

prejudice as untimely (Doc. 1).

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed in *forma pauperis* on appeal because dismissal is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 27th day of January, 2022.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge